IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHRIS VOMASTEK, TRUSTEE TRIPLE-TIME TRUST, JAMES BAIRD, BENEFICIARY, BARBARA BAIRD, INSURED, Plaintiffs, V. AXA EQUITABLE LIFE INSURANCE COMPANY, Defendant. | § § § § § § § § § § § § § § | C.A. No. 5:15-cv-00050-JRG JUDGE GILSTRAP |

## DEFENDANT'S MOTION TO DISMISS AND/OR TRANSFER VENUE

Defendant AXA Equitable Life Insurance Company ("AXA") files its motion to dismiss and/or transfer venue to the United States District Court for the Northern District of Texas, Wichita Falls Division, under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404 and states:

## I. NATURE OF THE ACTION

This is a dispute over the lapse of a life insurance policy due to nonpayment of premiums. The policy insured Barbara Baird and was issued to and owned by a trust as part of Barbara Baird's estate plan. The policy was applied for, issued, and delivered in Wichita Falls, Texas. The three plaintiffs--the insured, the trustee of the owner trust, and the beneficiary--are all located in the Wichita Falls area. They assert in the Complaint that they failed to pay premium for the policy because AXA allegedly failed to mail a premium notice and notice of lapse to the address of record in Windthorst, Texas. Even

though all of the facts giving rise to Plaintiffs' claims occurred in the Northern District of Texas, Plaintiffs claim venue in this District because the original selling agent now resides in and has an office address in Longview, Texas. Venue is not proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claim did not occur in the Eastern District of Texas. Alternatively, even if venue is proper under § 1391, the case should be transferred to the Northern District of Texas, Wichita Falls Division, pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses and in the interest of justice.

## II. BACKGROUND FACTS

**A.  THE POLICY**

1.  AXA issued term life insurance policy no. 110027157 ("Policy") insuring the life of Plaintiff Barbara Baird ("Baird"), effective September 13, 2010. [Complaint ¶ 7, Decl. ¶ 2.][1]

2.  The Policy was applied for as part of an estate plan for the Baird family, and AXA issued it to the Triple-Time Trust ("Trust") as owner. [Complaint ¶ 7, Decl. ¶ 3.]

3.  Baird signed the application for the Policy listing the Trust address as 301 Baird Lane, Windthorst, Texas and her own address at 217 Baird Lane, Windthorst, Texas. [Complaint ¶ 10, Decl. ¶ 4.]

4.  Baird, Plaintiff Christopher Vomastek as trustee of the Trust ("Trustee"), and the selling agent Richard Bass ("Bass") all signed the application in Windthorst,

---

[1] The Declaration of Henry Lewer, Jr. is attached as Exhibit 1.

Texas. [Decl. ¶ 5.]

5. The Policy was delivered to the Trust, and signed for by the Trustee and Baird, in Windthorst, Texas. [Decl. ¶ 6.]

**B.  LOCATION OF THE PARTIES**

6. The Trustee of the Trust, the Policy owner, is a resident of Archer County, Texas. [Complaint ¶ 1.]

7. Baird, the insured, is a resident of Wichita County, Texas. [Complaint ¶ 2.]

8. Plaintiff James Baird, the beneficiary of the Policy, is a resident of Parker County, Texas. [Complaint ¶ 3.]

9. AXA, the issuer of the Policy, is a Delaware corporation with its principal office and place of business in New York. [Complaint ¶ 4.]

**C.  THE LAPSE**

10. Plaintiffs contend that Trustee timely paid premiums for the Policy from 2010 to 2012 "without incident." [Complaint ¶ 12.] However, the 2013 premium notice sent to the address of record in Windthorst, Texas was returned to AXA marked undeliverable, and Plaintiffs allege this resulted in no further notices being generated and mailed prior to the lapse. [Complaint ¶¶ 10-21.]

11. Plaintiffs allege in the Complaint that the Policy address of record was a rural but valid street address for which a particular process and procedure for the delivery of mail had been worked out with the local post office over the years. [Complaint ¶ 10.]

12. Plaintiffs contend that they failed to timely pay premium for the Policy because they did not receive notice of premiums due or notice of lapse. [Complaint ¶¶

18-21.]

**D.   THE AGENT**

13.    Bass, the selling agent of the Policy, "was associated with IPS Advisors, Inc. at the time the Policy originated." [Complaint ¶ 16.] IPS Advisors, Inc. ("Agency") is located in Dallas, Texas. [Decl. ¶ 7.] After the lapse, AXA's communications with Bass regarding the Policy show that his company, RMB Insurance Services, LLC, maintains office locations in both Longview and Dallas, Texas. [Decl. ¶ 7.]

14.    Plaintiffs allege that the Agency was affiliated with National Financial Partners, a brokerage general agent ("BGA"), located in Syracuse, New York. [Complaint ¶¶ 16-17.]

15.    Plaintiffs allege that AXA sent the 2013 lapse notice to the BGA in Syracuse, New York. [Complaint ¶ 17.] Plaintiffs contend that Bass never received a lapse notice. [Complaint ¶ 17.]

16.    Plaintiffs assert no claims against Bass in the lawsuit, but contend that he learned of the lapse of the Policy while preparing for a meeting with the Baird family after the lapse had already occurred. [Complaint ¶ 22.]

17.    Plaintiffs do not allege that this post-lapse meeting with Bass occurred in Longview or the Eastern District. [Complaint ¶ 22.]

## III. ARGUMENT AND AUTHORITIES

### A. VENUE IS IMPROPER BECAUSE A SUBSTANTIAL PART OF THE EVENTS GIVING RISE TO THE CLAIM DID NOT OCCUR IN THIS DISTRICT

Plaintiffs base venue on 28 U.S.C. § 1391(b)(2) on the ground that a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District because one of Bass' office locations is presently in Longview, Texas.[2] "Substantial" means that significant events or omissions relevant to the claim occurred in the district and that the district has a substantial connection to the claim. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356-57 (2d Cir. 2005). Here, all of the material events that led to the issuance and lapse of the Policy occurred in or around Wichita Falls, Texas. The Policy was applied for and issued in Windthorst, Texas. The premium notices were sent to Windthorst before some problem occurred with local Windthorst post office. The Trustee, who had responsibility to pay premiums, was in Archer County, approximately 33 miles from Wichita Falls. The only event that Plaintiffs allege occurred in the Eastern District was the agent's alleged discovery of the lapse after the fact. This single event is simply too tangential to constitute a "substantial" part of the events or omissions giving rise to the claim in order to support venue under 28 U.S.C. § 1391(b)(2). As such, the case should be dismissed to be refiled in the proper venue and/or transferred under 28 U.S.C. § 1406(a) to any district where it could have been brought, which is the Northern District of Texas, Wichita Falls Division.

---

[2] When venue is challenged, Plaintiffs bear the burden to demonstrate their chosen venue is proper. *E.g.*, *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011).

B. **ALTERNATIVELY, VENUE IS INCONVENIENT AND SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF TEXAS**

   1. **Standards for Motions to Transfer Venue**

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of this statute is to protect litigants, witnesses, and the public against unnecessary inconvenience and expense and to avoid wasted time, energy, and money. *See Houston Trial Reports, Inc. v. LRP Pub'ns, Inc.*, 85 F. Supp. 2d 663, 667 (S.D. Tex. 1999) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)); *Stabler v. New York Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)).

Under § 1404(a), the Court should consider the private and public factors which speak to the issue of the convenience of the parties and witnesses and to the interest of justice. *In re Volkswagen*, 506 F.3d 376, 380 (5th Cir. 2007) (citing *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.,* 358 F.3d 337, 340 (5th Cir. 2004) (additional citations omitted)), *rehearing en banc granted*, 517 F.3d 785 (5th Cir 2008). The private concerns include (i) the relative ease of access to sources of proof; (ii) the availability of compulsory process to secure the attendance of witnesses; (iii) the cost of attendance for willing witnesses; and (iv) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.; see also LaDay v. City of Lumberton, Texas*, C.A. No. 2:011-cv-237, 2012 WL 928352 *2 (E.D. Tex. Mar. 19, 2012). The public concerns include (i) the administrative difficulties flowing from court congestion; (ii) the local

interest in having localized interest decided at home; (iii) the familiarity of the forum with the law that will govern the case; and (iv) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.* All of the relevant factors favor transfer to the Northern District of Texas.

### 2. Venue is Proper in the Northern District of Texas

In applying the provisions of § 1404(a), the Fifth Circuit has held that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed. *In re Volkswagen A.G.,* 371 F.3d 201, 203 (5th Cir. 2004). Here, a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas given that the Policy was applied for, issued, and delivered in Wichita Falls; the premium notices were mailed to the local postal facility in Windthorst and the 2013 premium notice was returned "undeliverable" by that same facility; and premiums were paid by the Trustee or Baird in the Wichita Falls area. Therefore, this lawsuit could have been filed in the Northern District of Texas, Wichita Falls Division.

### 3. Private and Public Factors Warrant Transfer to the Northern District of Texas

The majority of party and nonparty witnesses are located within the Northern District of Texas or within subpoena range of the Wichita Falls Division and far outside the subpoena power of the Eastern District of Texas, Texarkana Division. Specifically, the locations of the material witnesses are as follows:

| Witness | Miles to Wichita Falls | Miles to Texarkana |
|---|---|---|
| Chris Vomestek | 33 | 289 |
| Barbara Baird | 24 | 270 |
| James Baird | 104 | 244 |
| Post Office Employees | 24 | 279 |
| Agency (Dallas) | 141 | 179 |
| Richard Bass (Longview) | 268 | 88 |
| BGA (NY) | Out of State | Out of State |
| AXA | Out of State | Out of State |

Given the concentration of fact witnesses in the Northern District of Texas, Wichita Falls is clearly more convenient and would significantly reduce the cost of attendance of willing witnesses. Particularly, the post office employees' testimony will likely be critical considering Plaintiffs' allegations the address of record given for the Policy was "valid" and for which a particular process and procedure for the delivery of mail had been worked out with the local post office over the years. [Complaint ¶ 10.] These potential witnesses would be out of subpoena range in this District; and even if they were willing to attend trial voluntarily, they would have to travel over two hundred miles further than if this case were transferred to the Northern District of Texas, Wichita Falls Division, substantially increasing the inconvenience to these witnesses. *In re Volkswagen A.G.,* 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be

travelled, [as] additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment"). For out-of-state witnesses, DFW Airport is approximately 122 miles to Wichita Falls and 200 miles to Texarkana. *See Canine Cavier Pet Foods, Inc. v. Pied Piper Pet & Wildlife, Inc.*, C.A. No. 09-0677, 2009 WL 2568206 (N.D. Tex. Aug. 19, 2009) (recognizing proximity of airport for out-of-town witnesses as a factor). The only witness for whom Texarkana is potentially more convenient is the agent, Bass; but Bass was affiliated with the Dallas-based Agency at the time the Policy was sold, continued to service the Policy in the Wichita Falls Division even after moving to Longview, and still maintains a Dallas office location. On balance, the nexus of this case is to the Northern District of Texas, and the private interest factors overwhelmingly support transfer to the Northern District of Texas.

The public concerns also favor transfer to the Northern District of Texas. To the extent anyone has a "local interest" in the dispute it would be the Northern District of Texas since the controversy arises from an insurance policy applied for, issued, and delivered in the Northern District of Texas and the mailing or non-mailing of premium notices to the Northern District of Texas. Moreover, given the relative congestion of the transferor and transferee courts, the Northern District of Texas has fewer "administrative difficulties" in handling the case. According to the Judicial Caseload Profiles published by the United States Courts, the weighted filings per judgeship in the Eastern District are

1,226 to 581 in the Northern District.[3] The median time from filing to disposition is slightly longer in the Eastern District than the Northern District, which appears to be due to the nature of cases handled by the Eastern District, whose caseload of intellectual property cases is almost ten times higher than in the Northern District.

## IV.  CONCLUSION

In sum, venue is improper in this District because none of the material events giving rise to Plaintiffs' claim occurred here, and the public and private factors weigh heavily in favor of transfer to the Northern of District of Texas, Wichita Falls Division. As such, AXA respectfully requests the Court dismiss the case pursuant to Fed. R. Civ. P. 12(b)(3) or, alternatively, transfer the case to the United States District Court for the Northern District of Texas, Wichita Falls Division under 28 U.S.C. § 1406 or § 1404, and grant such other and further relief to which AXA may be entitled.

---

[3] The Judicial Case Profile reports for the Eastern District and Northern District of Texas are attached together as Exhibit 2.

        Respectfully submitted,

        By:  /s/ Amanda Sotak
            Amanda Sotak
            Texas Bar No. 24037530
            amanda.sotak@figdav.com
            Lead Attorney

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas  75202
(214) 939-2000
(214) 939-2090 – fax

ATTORNEYS FOR DEFENDANT
AXA EQUITABLE LIFE
INSURANCE COMPANY

## CERTIFICATE OF CONFERENCE

Counsel for Defendant conferred with counsel for Plaintiffs who indicated Plaintiffs are opposed to the relief requested in this motion.

    /s/ Amanda Sotak
Amanda Sotak

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been sent via the Court's CM/ECF system or by email and U.S. mail on this 22nd day of July 2015.

    /s/ Amanda Sotak
Amanda Sotak